## Siegler v. Heckman

*Kathleen Yurchak,* for plaintiffs.
*David B. Lingenfelter,* for defendants.

KISTLER, *J.,* November 22, 2005—Presently before this court is Sarah K. and Allen L. Heckman's (defendants) motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2002, plaintiff Brandy Seigler and defendant Sarah K. Heckman were involved in a vehicle accident. On January 30, 2004, plaintiff Brandy Seigler and her husband John Seigler (plaintiffs) filed a petition for bankruptcy pursuant to Chapter 7 of the United States

Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Pennsylvania. On September 9, 2004, plaintiffs received an order of discharge from the Bankruptcy Court. On September 10, 2004, plaintiffs filed a complaint, pertaining to the October 6 vehicle accident, alleging negligence on behalf of defendant Sarah K. Heckman. On September 16, 2004, the Bankruptcy Court declared plaintiff's estate to be fully administered and discharged the trustee. Plaintiffs did not list the automobile accident on their bankruptcy filing and schedule.

## DISCUSSION

Defendants contend plaintiffs were required to list all assets and liabilities on a schedule to the Bankruptcy Court pursuant to 11 U.S.C. §521. They also argue that all plaintiffs' assets, including causes of action that have accrued as of the date the bankruptcy petition was filed, becomes the property of the trustee in bankruptcy. Only if the trustee abandons the claim does that claim re-vest in plaintiffs. Only those claims listed on plaintiffs' schedule may be abandoned by the trustee under 11 U.S.C. §544(a)-(c). Pursuant to 11 U.S.C. §554(d), defendants argue that any cause of action or claim not disclosed in plaintiffs' bankruptcy schedule remains the property of the bankruptcy estate and is deemed abandoned by the trustee. Since plaintiffs did not list the automobile accident suit on their bankruptcy schedule, defendants believe plaintiffs lack standing to bring the current suit.

Plaintiffs, on the other hand, argue the case should not proceed simply because the automobile accident claim was not listed in plaintiffs' bankruptcy petition. Plain-

tiffs maintain there was no attempt to hide the automobile accident claim when they filed for bankruptcy. Plaintiffs believe they did not have an obligation to include "potential claims" when they filed for bankruptcy.

Plaintiffs cite 11 U.S.C. §350, which provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for such other causes." Plaintiffs also argue it is "absolutely and unconditionally within the province of a bankruptcy court to reopen a previously closed case to administer assets." Quoting *In Re Zinchaic,* 406 F.3d 215 (3d 2005). Plaintiffs maintain that David Todd, Esquire will file a motion to reopen with the Bankruptcy Court by November 14, 2005. Based on the court's holding in *Arkansas Company Inc. v. Beneson,* 798 F.2d 645 (3d Cir. 1986), plaintiffs argue that the Bankruptcy Court has the power to provide approval to reopen a case nunc pro tunc. Plaintiffs contend Mr. Todd will seek such approval. As such, plaintiffs are seeking to have the automobile accident claim reinstated.

Having reviewed the facts and the relevant legal standards, this court does not believe plaintiffs have standing to bring the automobile suit. Put simply, plaintiffs have not received approval from the Bankruptcy Court to reopen their claim. As such, they lack standing at the present time.

## ORDER

And now, November 22, 2005, defendants Sarah K. and Allen L. Heckman's motion for summary judgment is hereby granted.